IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH G. AMBROSE,

    Plaintiff,

vs.                                                                                  Civ. No. 01-1263 JP/KBM-ACE

THOMAS E. WHITE, as successor to
GREGORY R. DAHLBERG, SECRETARY
OF ARMY, in his official capacity, and
JERRY ORLICKI, JOHN JENSEN, in their
individual and official capacities, and
ROBERT COLVIN, ESQ., in his individual
and official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

        On July 1, 2002, the Defendants filed Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. No. 55). On July 23, 2002, the Plaintiff filed a Motion for Continuance of Plaintiff's Response to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. No. 60). Having reviewed the Plaintiff's motion for a continuance and the briefs accompanying the motion, I find that the motion for continuance should be granted.

        Fed. R. Civ. P. 56(f) "allows a court to stay or deny a summary judgment motion in order to permit further discovery if the nonmovant states by affidavit that it lacks facts necessary to oppose the motion." *Price ex rel. Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). Generally, Rule 56(f) affidavits are "treated liberally unless dilatory or lacking in merit." *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984). However, Rule 56(f) protection is not automatic, and a party must satisfy certain requirements before invoking Rule 56( f). *Price*, 232 F.3d at 783. The Tenth Circuit has summarized the

requirements of Rule 56(f) as follows:

> A prerequisite to granting relief [pursuant to 56(f)] ... is an affidavit furnished by the nonmovant. Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts. In this circuit, the nonmovant also must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact.

*Id*. at 783 (quoting *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)). The Tenth Circuit also has made clear that conclusory affidavits, general assertions that the evidence supporting a party's allegation is in the hands of the opposing party, or attempts to seek information that is irrelevant to the motion for summary judgment are insufficient to delay or defeat a summary judgment. *Id*. at 784; *Patty Precision*, 742 F.2d at 1264. Similarly, mere assertions that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable are inadequate to invoke Rule 56(f). *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986).

The parties in this case have not yet engaged in formal discovery. However, the parties engaged in some discovery during the Equal Employment Office administrative proceeding. The Plaintiff argues with specificity that additional discovery is needed to respond adequately to the Defendants' Motion to Dismiss or in the Alternative for Summary Judgment. Those arguments are supported by an affidavit submitted by Plaintiff's counsel. The Plaintiff requests that Court allow him ninety days to fully respond to the Defendants' Motion to Dismiss or in the Alternative for Summary Judgment. I find that the Plaintiff's arguments for additional discovery have merit and that a continuance of the response deadline under Rule 56(f) is appropriate.

IT IS ORDERED that:

1. the Plaintiff's Motion for Continuance of Plaintiff's Response to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. No. 60) is granted;

2. the Plaintiff may file his supplemental response to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment by December 2, 2002;

3. the Defendants may file their supplemental reply brief by December 23, 2002; and

4. the supplemental briefs must comply with the Local Rules of the District of New Mexico.

_____
CHIEF UNITED STATES DISTRICT JUDGE