IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH G. AMBROSE,

    Plaintiff,

vs.                                                         Civ. No. 01-1263 JP/KBM

THOMAS E. WHITE, as successor to
GREGORY R. DAHLBERG, SECRETARY
OF ARMY, in his official capacity,
JERRY ORLICKI, JOHN JENSEN, in their
individual and official capacities,
ROBERT COLVIN, ESQ., in his individual
and official capacity, and the
UNITED STATES OF AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On May 2, 2002, the Defendants' filed a Notice of Substitution (Doc. No. 31) which substituted the United States of America as a party defendant for Defendants Orlicki, Jensen, and Colvin with respect to the tort claims (Counts III, IV, and V) brought against those Defendants. Attached to the Notice of Substitution was a Certification of Scope of Employment signed by the United States Attorney. On May 6, 2002, the Honorable Judge William Johnson entered an Order (Doc. No. 32) dismissing the tort claims against Defendants Orlicki, Jensen, and Colvin with prejudice and substituting the United States as a party defendant. On May 10, 2002, the Plaintiff filed an Objection to Attorney General's Westfall Certification and Motion for Reconsideration of Order of Substitution (Doc. No. 36). Having reviewed the briefs and relevant law regarding the Plaintiff's objection and motion to reconsider, I find that the Plaintiff's objection is without merit and the motion to reconsider should be denied.

A. Background

This is an age discrimination case brought by a civilian employee working at White Sands Missile Range (WSMR). The Plaintiff is suing the Secretary of the Army for creating a hostile work environment and is suing unspecified Defendants for engaging in unlawful retaliation. In addition, the Plaintiff is suing Defendants Orlicki and Jensen in their individual and official capacities for defamation. Finally, the Plaintiff is suing Defendants Orlicki, Jensen, and Colvin in their individual and official capacities for engaging in a civil conspiracy to deprive the Plaintiff of rights provided by the WSMR Equal Opportunity Office (EEO).

The Plaintiff argues in his objection and motion to reconsider that Defendant Orlicki's alleged defamatory comments occurred outside the scope of Defendant Orlicki's employment. Consequently, the Plaintiff contends that the evidence indicates that the substitution of the United States as a party defendant for Defendant Orlicki was improper and that Defendant Orlicki should remain as a party defendant with respect to the claim of defamation.[1] The Plaintiff contends that an evidentiary hearing is required to resolve the issue of whether Defendant Orlicki made the allegedly defamatory statements within the scope of his employment.

The first incident involving the alleged defamatory comments by Defendant Orlicki occurred in Atlanta, Georgia in September 1999 when Defendant Orlicki was attending an International Test & Evaluation Association (ITEA) conference. The conference sessions generally began at 8:00 a.m. and concluded at 4:30 p.m. The statements by Defendant Orlicki were apparently made after 4:30 p.m. Defendant Orlicki stated to an EEO investigator that he

---

[1] The Plaintiff does not contest the substitution of the United States as a party defendant with regard to Defendants Jensen and Colvin.

spoke with several subordinates in response to questions about the High Performance Computer (HPC) program and who was in charge of that program. Defendant Orlicki stated further that he told those subordinates that the HPC program had been transferred from the Plaintiff to Defendant Jensen. Nicholas Anthony Toomer, a witness to Defendant Orlicki's statements in Atlanta, told an EEO investigator that Defendant Orlicki stated at dinner that the Plaintiff was fired. Mr. Toomer was a consultant with Lockheed Martin at that time and was working on a project over which Defendant Orlicki had oversight.

The second and last incident of allegedly defamatory comments by Defendant Orlicki occurred at another ITEA conference which took place in Las Cruces, New Mexico in December 1999. Defendant Orlicki made the additional allegedly defamatory comments at the hospitality or exhibition room of the Hilton Hotel where a reception was being held. Defendant Orlicki was speaking with Ron Hayslett, a contractor at White Sands, and Ray Wagner, a Department of the Army employee, about WSMR. The conversation involved what programs the Plaintiff was working on and whether he was involved in a $4 million dollar loss for digital camera development. According to Mr. Hayslett, Defendant Orlicki made the comment that if the Plaintiff "screwed up again I will crucify him."

Brigadier General William Engel, the commanding general at WSMR, stated in an Amended Declaration that he believed Defendant Orlicki's attendance at the ITEA conferences fell "within the scope of his official duties because (a) he attended ITEA on official orders in Atlanta 20-24 September 1999, which required a determination by the CG [commanding general] at the time that his attendance furthered the interests of the Army and WSMR, (b) the ITEA conference in December 1999 was co-sponsored by WSMR, and (c) his attendance at the

3

conferences and the social interactions that go with such gatherings is indeed part and parcel of his duties as my Deputy and Technical Director." Ex. A at ¶7 (attached to Defendants' Response to Plaintiff's Objection to Attorney General's Westfall Certification and Motion for Reconsideration of Order of Substitution (Doc. No. 45)).

B.  Discussion

Section 2679(d)(1) of the Federal Employees Liability Reform and Tort Compensation Act (FELRTCA), also known as the Westfall Act, provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references, thereto, and the United States shall be substituted as the party defendant.

The Attorney General has delegated his certification authority to the United States Attorney. 28 C.F.R. §15.3(a). Although the certification is subject to *de novo* review by the district court, it is nonetheless *prima facie* evidence that the employee's alleged tortious conduct occurred within the scope of the employee's employment. *Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995). "The plaintiff then bears the burden of rebutting the scope-of-employment certification with specific facts." *Id*. (citations omitted). Under FELRTC, "'scope of employment' is defined by the respondeat superior law of the state where the incident occurred." *Id*. An evidentiary hearing is necessary only if "the plaintiff demonstrates that a genuine issue of material fact exists with respect to scope of employment." *Davric Maine Corp. v. U. S. Postal Service*, 238 F.3d 58, 66 (1st Cir. 2001). *See also Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1155 (4th Cir.), *cert. denied*, 522 U.S. 931 (1997)("the district court may allow (in its discretion)

4

limited discovery or conduct an evidentiary hearing, but should not do so if the certification, the pleadings, the affidavits and any supporting documentary evidence do not reveal an issue of material fact;" *Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996)("it may be necessary for the court to conduct an evidentiary hearing to resolve the scope-of-employment issue ..., a hearing is not required in every case.").

The following standard has been adopted in New Mexico to determine whether conduct is within the scope of employment.

> An act of an employee is within the scope of employment if:
> 1. It was something fairly and naturally incidental to the employer's business assigned to the employee, and
> 2. It was done while the employee was engaged in the employer's business with the view of furthering the employer's interest and did not arise entirely from some external, independent and personal motive on the part of the employee.

UJI 13-407 NMRA 1998. "It is not enough for the employer to establish that the employee's conduct was unauthorized." *Nichols v. United States*, 796 F.2d 361, 365 (10th Cir. 1986)(citing *Hansen v. Skate Ranch, Inc.*, 97 N.M. 486, 490, 641 P.2d 517, 521 (Ct. App. 1982)). For an employer to escape liability under the doctrine of *respondeat superior* in New Mexico, the employee must have "'abandoned his employment and was acting for a purpose of his own which was not incident to his employment.'" *Id*. (quoting *Hansen*, 97 N.M. at 490, 641 P.2d at 521). Moreover, an employer can be liable for intentional torts committed by an employee if those torts were committed within the scope of the employee's employment. *Id*. (citing *McCauley v. Ray*, 80 N.M. 171, 180, 453 P.2d 192, 201 (1968)).

Since the Defendants do not contest the facts presented by the Plaintiff to support his objection and motion for reconsideration, an evidentiary hearing is not necessary to resolve the

5

scope of employment issue. It is undisputed that the alleged defamatory remarks by Defendant Orlicki took place while Defendant Orlicki was speaking to professional colleagues about program changes at WSMR involving the Plaintiff. Although these discussions occurred in an informal setting, they did occur in the context of professional conferences wherein participants are encouraged to share information about programs, network, and develop professional relationships for use in the work place. Defendant Orlicki's discussions about the Plaintiff and his programs were, therefore, "fairly and naturally incidental" to Defendant Orlicki's job as a Deputy and Technical Director. Those discussions also "did not arise <u>entirely</u> from some external, independent and personal motive on the part of" Defendant Orlicki. Emphasis added. I find that the Plaintiff has not carried his burden of rebutting the Certification of Scope of Employment. Moreover, I find that Defendant Orlicki made the alleged defamatory remarks within the scope of his employment. Accordingly, Judge Johnson properly substituted the United States as a party defendant for Defendant Orlicki with respect to the claim of defamation.

IT IS ORDERED that:

1. Plaintiff's request for an evidentiary hearing is denied; and

2. Plaintiff's Objection to Attorney General's Westfall Certification and Motion for Reconsideration of Order of Substitution (Doc. No. 36) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE