IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH G. AMBROSE,

    Plaintiff,

vs.                                                       Civ. No. 01-1263 JP/KBM

THOMAS E. WHITE, as successor to
GREGORY R. DAHLBERG, SECRETARY
OF ARMY, in his official capacity,
JERRY ORLICKI, JOHN JENSEN, in
their individual and official capacities, and
ROBERT COLVIN, ESQ., in his individual and
official capacities, and the UNITED STATES OF
AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On June 21, 2002, the Defendants filed a Partial Motion to Dismiss (Doc. No. 46). Having reviewed the briefs and relevant law, I find that the Partial Motion to Dismiss should be granted.

A. Background

The Plaintiff, a civilian employee working at White Sands Missile Range, alleges five counts in his First Amended Complaint (Doc. No. 5). Count I alleges an Age Discrimination in Employment Act (ADEA) claim of hostile work environment against the Defendant Secretary of the Army. Count II alleges an ADEA retaliation claim against unspecified Defendants. Counts III and IV allege defamation claims against Defendants Orlicki and Jensen, respectively, in their individual and official capacities. Count V alleges a civil conspiracy claim against Defendants Orlicki, Jensen, and Colvin in their individual and official capacities.

The Court subsequently dismissed with prejudice Counts III, IV, and V as to Defendants Orlicki, Jensen, and Colvin. Order (Doc. No. 32), filed May 6, 2002. The United States was then substituted as the party defendant in Counts III, IV, and V. *Id*. *See also* Memorandum Opinion and Order (Doc. No. 66), filed Aug. 7, 2002. The Defendants move to dismiss Counts III, IV, and V based on the Plaintiff's failure to exhaust administrative remedies as required by the Federal Tort Claims Act (FTCA).

B. Discussion

Once the United States has been substituted as a defendant under 28 U.S.C. §2679(d)(1), "[t]he case then falls under the governance of the Federal Tort Claims Act." *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995); 28 U.S.C. §2679(d)(4). In order for a plaintiff to seek recovery from the United States under the FTCA, the plaintiff must allege that the tort claim was presented to the appropriate federal agency and that the agency made a final disposition of the claim. 28 U.S.C. §2675(a). The requirement that a plaintiff exhaust available administrative procedures is jurisdictional, not subject to waiver, and strictly construed. *See Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992); *Three-M Enterprises, Inc. v. United States*, 548 F.2d 293, 295 (10th Cir. 1977). Plaintiff does not allege that any administrative claim was filed. Moreover, there is no evidence before the Court to indicate that the Plaintiff filed his tort claims with the appropriate federal agency. The Plaintiff has, therefore, failed to exhaust his administrative remedies as required by the FTCA. Consequently, this Court lacks federal jurisdiction over Counts III, IV, and V.

IT IS ORDERED that Defendants' Partial Motion to Dismiss (Doc. No. 46) is granted and that Counts III, IV, and V will be dismissed with prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE