IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH G. AMBROSE,

    Plaintiff,

vs.                                                    Civ. No. 01-1263 JP/KBM

THOMAS E. WHITE, as successor to
GREGORY R. DAHLBERG, SECRETARY
OF ARMY, in his official capacity,
JERRY ORLICKI, JOHN JENSEN, in their
individual and official capacities,
ROBERT COLVIN, ESQ., in his individual
and official capacity, and the
UNITED STATES OF AMERICA,.

    Defendants.

## MEMORANDUM OPINION AND ORDER

On February 20, 2002, the Defendants filed Defendants' Motion to Dismiss (Doc. No. 14). The Defendants move to dismiss all of the Plaintiff's claims against Defendants Orlicki, Jensen, and Colvin. Having reviewed the briefs and relevant law, I find that the retaliation claim brought under the Age Discrimination in Employment Act (ADEA) against Defendants Orlicki, Jensen, and Colvin should be dismissed with prejudice. I also find that the motion to dismiss should be denied as moot with respect to the defamation and conspiracy claims.

A. Background

The Plaintiff, a civilian employee working at White Sands Missile Range, alleges five counts in this employment discrimination lawsuit. Count I alleges an ADEA claim of hostile work environment against the Defendant Secretary of the Army. Count II alleges an ADEA retaliation claim against unspecified Defendants, including presumably Defendants Orlicki, Jensen, and

Colvin. Counts III and IV allege defamation claims against Defendants Orlicki and Jensen, respectively, in their individual and official capacities. Count V alleges a civil conspiracy claim brought against Defendants Orlicki, Jensen, and Colvin in their individual and official capacities.

B. Discussion

The Defendants argue that the proper defendant for the ADEA claims is the Secretary of the Army. Consequently, the Defendants argue that any ADEA claim against Defendants Orlicki, Jensen, and Colvin should be dismissed with prejudice. The Plaintiff concedes that the proper defendant for the ADEA claims is the Secretary of the Army. Since the only ADEA claim conceivably brought against Defendants Orlicki, Jensen, and Colvin is the retaliation claim, I find that the retaliation claim should be dismissed as to those Defendants.

With respect to the defamation and conspiracy claims, the Court has already dismissed those claims with prejudice as to Defendants Orlicki, Jensen, and Colvin, and substituted the United States as the proper party defendant. Order (Doc. No. 32), filed May 6, 2002; *See also* Memorandum Opinion and Order (Doc. No. 66), filed Aug. 7, 2002. The Court then dismissed the defamation and conspiracy claims against the United States, because the Plaintiff failed to exhaust administrative remedies as required by the Federal Tort Claims Act. Memorandum Opinion and Order (Doc. No. 67), filed Aug. 7, 2002. Accordingly, the motion to dismiss is moot with regard to the defamation and conspiracy claims.

IT IS ORDERED that:

1. Defendants' Motion to Dismiss (Doc. No. 14) is granted with respect to the ADEA retaliation claim against Defendants Orlicki, Jensen, and Colvin;

2. the ADEA retaliation claim against Defendants Orlicki, Jensen, and Colvin will be dismissed with prejudice; and

3. Defendants' Motion to Dismiss (Doc. No. 14) is denied as moot with respect to the defamation and conspiracy claims.

_____
CHIEF UNITED STATES DISTRICT JUDGE