IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH G. AMBROSE,

    Plaintiff,

vs.                                                                                  Civ. No. 01-1263 JP/KBM-ACE

THOMAS E. WHITE, as successor to
GREGORY R. DAHLBERG, Secretary
of Army, in his official capacity, and
JERRY ORLICKI, JOHN JENSEN,
in their individual and official capacities,
and ROBERT COLVIN, ESQ., in his
individual and official capacity,

    Defendants.

MEMORANDUM OPINION AND ORDER

    The First Amended Complaint (Doc. No. 5) in this action alleges the following five counts:  Count I alleges an Age Discrimination in Employment Act (ADEA) claim of a hostile work environment against Defendant Secretary of Army; Count II alleges an ADEA retaliation claim against all the Defendants; Count III alleges a defamation claim against Defendant Orlicki in his individual and official capacities; Count IV alleges a defamation claim against Defendant Jensen in his individual and official capacities; and Count V alleges a civil conspiracy claim against Defendants Orlicki, Jensen and Colvin in their individual and official capacities.  The Court dismissed Counts III, IV, and V against the individual Defendants with prejudice and substituted the United States as a defendant with respect to those counts.  Order (Doc. No. 32), filed May 6, 2002; Memorandum Opinion and Order (Doc. No. 66), filed Aug. 7, 2002.  The Court then dismissed Counts III, IV, and V with prejudice for failure to exhaust administrative remedies as

required by the Federal Tort Claims Act.  Order (Doc. No. 68), filed Aug. 7, 2002.  Finally, the Court dismissed with prejudice the ADEA retaliation claim against the individual Defendants because they were not proper defendants.  Order (Doc. No. 71), filed Aug. 12, 2002.

On August 28, 2002, the Plaintiff filed Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint (Doc. No. 72).  The proposed Second Amended Complaint names the same Defendants and makes the following allegations:  Count I alleges an ADEA hostile work environment claim and an ADEA disparate treatment claim against the Defendant Secretary of Army; Count II alleges a retaliation claim against all of the Defendants; and Counts III and IV allege defamation claims against Defendants Orlicki and Jensen, respectively.  The proposed Second Amended Complaint seeks injunctive relief as well as back pay, front pay, past and future lost compensation and benefits, liquidated damages, compensatory damages, punitive damages as to the individual Defendants, past and future medical expenses, reasonable attorney's fees, and costs.

In briefing the motion to amend, the Plaintiff filed two reply briefs: one filed September 26, 2002 (Doc. No. 76) and another filed October 1, 2002 (Doc. No. 77).  The Plaintiff did not file the second reply brief with permission of the Court.  The second reply brief presents additional argument not contained in the first reply brief.  As a result of the Plaintiff filing a second reply brief without permission of the Court, the Defendant Secretary of Army filed on October 7, 2002 Defendant's Motion to Strike Plaintiff's Supplemental Reply (Doc. No. 77) and Memorandum in Support (Doc. No. 78).  Acknowledging that he did not have the Court's permission to file a second reply brief, the Plaintiff then filed on October 29, 2002 Plaintiff's Motion for Leave to File Surreply (Doc. No. 83).

Having reviewed the briefs and relevant law, the Court finds that the motion to amend should be denied. The Court further finds that since the motion to amend should be denied notwithstanding the Plaintiff's second reply brief, the motion to strike the second reply brief and the Plaintiff's motion for leave to file the second reply brief should both be denied as moot.

A.  Discussion of Plaintiff's Motion to Amend[1]

Rule 15 of the Federal Rules of Civil Procedure allows one amendment of the complaint before a responsive pleading is served or within twenty days after service of the complaint. Fed. R. Civ. P. 15(a). Subsequent amendments are only allowed by leave of the Court or by written consent of an adverse party; however, leave to amend is to be "freely given when justice so requires." *Id*. "The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion...." *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir.1991)(citation omitted). The Court should deny leave to amend when it finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993). In addition, the Court may consider the timeliness of the motion to amend. *Id*.

As grounds for his motion to amend, the Plaintiff argues first that allowing him to file a second amended complaint will not negatively impact the discovery efforts of the Defendant Secretary of Army since discovery had just begun in earnest during September 2002 with scheduled depositions. The Plaintiff also argues that the Defendant Secretary of Army is already

---

[1] This discussion of the Plaintiff's motion to amend does not take into account the Plaintiff's second reply brief.

aware of any new allegations in the proposed Second Amended Complaint because the Plaintiff set forth those allegations in the Plaintiff's Response to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. No. 57), filed July 1, 2002, and in Plaintiff's Motion for Continuance of Plaintiff's Response to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. No. 60), filed May 29, 2002. Finally, the Plaintiff argues that the proposed Second Amended Complaint takes into account alleged discriminatory and retaliatory events that occurred after the filing of the First Amended Complaint on December 19, 2001.

    1. Timeliness of the Motion to Amend

As an initial matter, the Plaintiff admits that the motion to amend is untimely. The Provisional Discovery Plan (Doc. No. 51) states that any motions to amend should be filed by August 1, 2002. The Plaintiff filed this motion to amend on August 28, 2002 because of a calendaring mistake. Untimeliness of a motion to amend is, by itself, "a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay." *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir .1995), *cert. denied*, 516 U.S. 1160 (1996). Miscalendaring a pretrial deadline probably is not an adequate explanation for the delay in filing the motion to amend. *See Estate of Smith v. C.I.R.*, 198 F.3d 515, 532 (5th Cir. 1999)("simple inadvertence falls short of a legally adequate explanation for the Estates' delay" in filing its motion to amend). However, there are also substantive grounds for denying the Plaintiff's motion to amend.

    2. Futility

The Defendant Secretary of Army argues that amending the complaint a second time would be futile. The Court may deny a motion to amend as futile if the proposed amendment

would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted.  *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir.1992); *Schepp v. Fremont County, Wyo.,* 900 F.2d 1448, 1451 (10th Cir.1990).  "Thus, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D.Kan. 2001).

 The Defendant Secretary of Army correctly notes that this Court already dismissed the defamation claims against Defendants Orlicki and Jensen because the United States was the proper defendant with respect to those claims.  Moreover, this Court dismissed the defamation claims in their entirety and dismissed the ADEA retaliation claims against the individual Defendants.  The Plaintiff acknowledges that the Court dismissed the claims against the individual Defendants but he nonetheless included them in the proposed Second Amended Complaint to preserve any appeal rights he may have with respect to those Defendants.  A party, however, is not required to re-allege a claim which was previously dismissed with prejudice in order to preserve the issue for appeal.  *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517-18 (10th Cir. 1991).  It is clearly futile for the Plaintiff to include the individual Defendants and the defamation claims in the proposed Second Complaint

 The Defendant Secretary of Army also argues that the Plaintiff is requesting damages in his proposed Second Amended Complaint to which he is not entitled.  First, the Defendant Secretary of Army argues that the Plaintiff cannot seek compensatory and punitive damages against the individual Defendants because there are no cognizable claims against those Defendants.  Second, the Defendant Secretary of Army argues that the Plaintiff has not lost any pay because his pay grade was not lowered anytime during the period that the Plaintiff alleges

discrimination and retaliation. Third, the Defendant Secretary of Army argues that the Plaintiff is not entitled to any compensatory or liquidated damages under the ADEA.

These arguments provide sufficient support for a finding that several of the Plaintiff's requests for damages in the proposed Second Amended Complaint would be futile. As already discussed, it would be futile for the Plaintiff to include the individual Defendants in the proposed Second Amended Complaint. Consequently, any request seeking damages from those individual Defendants would likewise be futile. Furthermore, it would be futile to seek lost compensation when there has been no lost compensation. Finally, the Plaintiff is not entitled to liquidated or compensatory damages under the ADEA. *Smith v. Office of Personnel Management*, 778 F.2d 258, 260, 263 (5th Cir. 1985), *cert. denied*, 476 U.S. 1105 (1986). The Plaintiff is entitled only to lost wages under the ADEA. *Id*. at 260. *See also Lewis v. Federal Prison Industries, Inc.*, 953 F.2d 1277, 1285 n.12 (11th Cir. 1992)(the only damages available to federal employees under the ADEA are unpaid wages or unpaid overtime compensation). Several of the Plaintiff's requests for damages would, therefore, be futile if the Plaintiff is allowed to filed the proposed Second Amended Complaint. In sum, the motion to amend should be denied based on futility.

    3. New Allegations of Discrimination and Retaliation

Additionally, the Defendant Secretary of Army argues that the proposed Second Amended Complaint does not take into account alleged discriminatory and retaliatory events that took place after the filing of the First Amended Complaint. Paragraph 42 of the proposed Second Amended Complaint, however, describes the Plaintiff's reassignment to the position of Technical Advisor in April 2002 and further describes the Plaintiff's duties and responsibilities as a Technical Advisor. This is new pertinent information which the Plaintiff did not possess when the First Amended

Complaint was filed. Consequently, the argument that there are no new relevant factual allegations is without merit.

B. Conclusion

The motion to amend should be denied as untimely filed and on futility grounds. Furthermore, since the motion to amend should be denied notwithstanding the Plaintiff's second reply brief, the Defendant's motion to strike the second reply brief and the Plaintiff's motion for leave to file the second reply brief should be denied as moot.

IT IS ORDERED that:

1. Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint (Doc. No. 72) is denied;

2. Defendant's Motion to Strike Plaintiff's Supplemental Reply (Doc. No. 77) and Memorandum in Support (Doc. No. 78) is denied as moot; and

3. Plaintiff's Motion for Leave to File Surreply (Doc. No. 83) is denied as moot.

_____
CHIEF UNITED STATES DISTRICT JUDGE