IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH G. AMBROSE,

       Plaintiff,

vs.                                        Civ. No. 01-1263 JP/KBM

THOMAS E. WHITE, as successor to
GREGORY R. DAHLBERG, SECRETARY
OF ARMY, in his official capacity; and
the UNITED STATES OF AMERICA,

       Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

On November 13, 2002, the Court denied the Plaintiff's Motion for Leave to File

Plaintiff's Second Amended Complaint (Doc. No. 72).  Memorandum Opinion and Order (Doc.

No. 88).  On November 26, 2002, the Plaintiff filed Plaintiff's Motion for Reconsideration of

Order Denying Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 90).

Having reviewed the briefs and relevant law, the Court finds that the motion for reconsideration

should be denied.

A.  Background

The Court denied the Plaintiff's motion to amend the First Amended Complaint for five

reasons.  First, the motion to amend was untimely.  Second, it would have been futile for the

Plaintiff to again name Jerry Orlicki, John Jensen, and Robert Colvin as individual defendants, and

to include defamation claims against them.  Third, it would have been futile for the Plaintiff to

seek compensatory and punitive damages against Jerry Orlicki, John Jensen, and Robert Colvin.

Fourth, it would have been futile for the Plaintiff to seek lost compensation because he has not

suffered any loss in compensation.  Fifth, it would have been futile for the Plaintiff to seek

liquidated or compensatory damages under the Age Discrimination in Employment Act (ADEA).

The Plaintiff now requests the Court to reconsider its finding that it would have been futile

for the Plaintiff to seek lost compensation under the ADEA.  Although the Plaintiff admits that his

base salary has not decreased during the period he allegedly experienced age discrimination and

retaliation, he argues for the first time that age discrimination and retaliation caused him to lose

opportunities to earn additional money through performance awards and step increases.  The

Plaintiff argues that these lost opportunities to earn additional money are compensable under the

ADEA.  The Plaintiff also argues that he can seek equitable relief under the ADEA.

B.  Discussion

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration.

*Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir.

2002)(citing *Clough v. Rush*, 959 F.2d 182, 186 n.4 (10th Cir. 1992)).  Nevertheless, a motion

for reconsideration can be considered a motion to alter or amend the judgment under Fed. R. Civ.

P. 59(e) if it is filed within 10 days of the entry of judgment.  *Id.*  If the motion for reconsideration

is filed more than 10 days after the entry of judgment, it is considered to be a motion for relief

from judgment under Fed. R. Civ. P. 60(b).  *Id.*  Here, even if one could characterize the

Memorandum Opinion and Order denying the motion to amend as a "judgment," Rule 59(e) is not

applicable, because the Plaintiff filed the motion for reconsideration more than 10 days after the

Court entered the Memorandum Opinion and Order denying the motion to amend.[1]   In addition,

---

[1]The three day mailing rule does not apply to Rule 59(e).  *See Parker v. Board of Public Utilities of Kansas City, Kan.*, 77 F.3d 1289, 1291 (10th Cir. 1996).

Rule 60(b) is inapplicable because the Memorandum Opinion and Order denying the Plaintiff's motion to amend is not a final order or judgment.  *See Fowler v. Merry*, 468 F.2d 242, 243 (10th Cir. 1972)(an order granting or denying a motion to amend is not in itself final and appealable); *Wanamaker v. Columbian Rope Co.*, 907 F.Supp. 522, 526-27 (N.D. N.Y. 1995), *aff'd by* 108 F.3d 462 (2d Cir. 1997)(Rule 60(b) does not apply to interlocutory or non-final orders).  The Court, however, may use its plenary power to review interlocutory orders if justice so requires. *Wanamaker*, 907 F.Supp. at 527 (citations omitted).

In this case, there is legal authority to support the Plaintiff's position that he can seek lost performance awards and step increases as a part of his damages under the ADEA.  *See Greene v. Safeway Stores, Inc.*, 210 F.3d 1237, 1242 (10th Cir. 2000)(Tenth Circuit affirmed ADEA jury award which included lost bonuses); *Taylor v. Home, Ins. Co.*, 777 F.2d 849, 857-58 (4th Cir. 1985)(ADEA back pay award included salary increases, bonuses, and promotions).  The Plaintiff can also request equitable relief under the ADEA.  *Smith v. Consolidated Mut. Water Co.*, 787 F.2d 1441, 1443 (10th Cir. 1986).  Justice, however, does not require that the motion for reconsideration be granted.  First, the Plaintiff does not provide any explanation for his failure to previously raise the arguments he now presents in this motion for reconsideration.  The Court disapproves of this sort of piecemeal litigation.  Second and most importantly, the motion to amend should nonetheless be denied on timeliness and other futility grounds.

IT IS ORDERED that Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's

Motion for Leave to File Second Amended Complaint (Doc. No. 90) is denied.


_____
CHIEF UNITED STATES DISTRICT JUDGE