IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH G. AMBROSE,

    Plaintiff,

vs.                                                                        Civ. No. 01-1263 JP/KBM-ACE

THOMAS E. WHITE, as successor to
GREGORY R. DAHLBERG, SECRETARY
OF ARMY, in his official capacity, and the
UNITED STATES OF AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On February 24, 2003, the Court granted the Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. No. 55) and entered a Final Summary Judgment which dismissed the case with prejudice. Memorandum Opinion and Order (Doc. No. 125); Final Summary Judgment (Doc. No. 126). On March 26, 2003, the Plaintiff filed a notice of appeal (Doc. No. 131) in the Tenth Circuit. On April 18, 2003, the Plaintiff filed a Motion for Relief from Judgment (Doc. No. 133) based on Fed. R. Civ. P. 60(b). Then, on June 19, 2003, the Plaintiff served on the Defendants a Motion to Dismiss the appeal. On June 23, 2003, the Tenth Circuit granted the Plaintiff's Motion to Dismiss and dismissed the appeal. *See* Doc. No. 144.

The Plaintiff asks the Court to set a hearing on the Motion for Relief from Judgment. The Defendants ask the Court to award them attorney's fees and costs should the Court deny the Motion for Relief from Judgment. Having considered the briefs and relevant law, the Court finds that a hearing on the Motion for Relief from Judgment is unnecessary; the Motion for Relief from Judgment should be denied; and Defendants' request for an award of attorney's fees and costs

should be denied.

A.  Background

This is an Age Discrimination in Employment Act (ADEA) case based on an alleged hostile work environment.  The Plaintiff also alleges retaliation for engaging in protected Equal Employment Opportunity (EEO) activities.

The following facts are relevant to the Plaintiff's Motion for Relief from Judgment.  On May 14, 2002, Complaint Investigator Jacqueline Wise issued a Report of Investigation (ROI) with respect to a complaint by Ramiro Tellez alleging age discrimination by John Jensen, Plaintiff's first line supervisor, because Mr. Jensen failed to promote Mr. Tellez to a GS-14 position.  Ms. Wise found that race and age "were not factors in Mr. Jensen's selection determination."  ROI at 7 (attached to Motion for Relief From Judgment).  Ms. Wise, however, observed that "[t]he evidence suggests that there was an existing policy by the [White Sands Missile Range] board [of directors] in using nearing retirement age as a screen-out criterion in the selection process."  *Id*.  The Plaintiff did not become aware of this ROI until March 7, 2003.  Affidavit of Joseph G. Ambrose (attached to Motion for Relief from Judgment).

The Plaintiff alleges that in light of the Tellez ROI Mr. Jensen committed perjury during his October 2, 2002 deposition.  The Plaintiff contends that Mr. Jensen was untruthful when he stated at his deposition that he did not know of any findings in any other age discrimination or retaliation case where he was the principal agency witness which concluded he engaged in age discrimination or retaliation. Mr. Jensen states that he did not receive a copy of the Tellez ROI until April 23, 2003.  Defendant's Ex. D, Declaration (attached to Defendants' Response to Plaintiff's Motion for Relief From Judgment (Doc. No. 139)).

On November 18, 2002, the Defendants filed a Certificate of Service (Doc. No. 89) indicating that they served on the Plaintiff their responses to the Plaintiff's second request for production of documents. Request for Production No. 7 of the Plaintiff's second request for production of documents asked for the production of findings of age discrimination or retaliation on employee complaints filed within the last five years. The Defendants objected to Request for Production No. 7 on several grounds. The Plaintiff, however, did not file a motion to compel the Defendants to produce the findings requested in Request for Production No. 7.

B. Discussion

The Plaintiff seeks to vacate the February 24, 2003 Final Summary Judgment under Rules 60(b)(2), 60(b)(3), and 60(b)(6). The Court has substantial discretion in determining whether to grant or deny a Rule 60(b) motion. *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Furthermore, "Rule 60(b) relief is only appropriate under extraordinary circumstances." *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994)(citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)).

    1. Rule 60(b)(2): Newly Discovered Evidence

Rule 60(b)(2) provides relief from a final judgment if there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)...." To obtain Rule 60(b)(2) relief from a final judgment, the party seeking the relief "must show '(1) the evidence was newly discovered since the [Court entered the Final Summary Judgment]; (2) [the moving party] was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered

3

evidence [was] material; and (5) that ... the newly discovered evidence [will] probably produce a different result.'" *Joseph v. Terminix Intern. Co.*, 17 F.3d 1282, 1285 (10th Cir. 1994)(quoting *Graham by Graham v. Wyeth Laboratories, Div. of American Home Products Corp.*, 906 F.2d 1399, 1416 (10th Cir.), *cert. denied*, 498 U.S. 981 (1990)).

      The Plaintiff argues that the Tellez ROI is newly discovered evidence because he did not discover it until after the Court entered the February 24, 2003 Final Summary Judgment. The Plaintiff also argues that: 1) he filed the Motion for Relief from Judgment within a reasonable time after receiving the ROI; 2) the ROI is not cumulative; 3) the ROI is material to the discovery of testimonial and documentary evidence of a pattern and practice and/or policy of unlawful age discrimination; 4) and the ROI would have discredited Mr. Jensen's deposition testimony presented in support of the Defendants' motion for summary judgment. The Defendants argue, however, that the Plaintiff was not diligent in discovering the ROI because he did not file a motion to compel the Defendants to produce the documents requested in Request for Production No. 7 of the Plaintiff's second request for production of documents. The Defendants further argue that the ROI is not material to this case because the ROI did not find that Mr. Jensen discriminated against Mr. Tellez based on race or age.

      The Plaintiff's failure to move to compel the Defendants to produce the documents sought in Request for Production No. 7 constitutes a waiver of "any rights based on the alleged failure to respond to [the] discovery request...." *See* 2 *Discovery Proceedings in Federal Court* §21.02 (3d ed. 1995). Moreover, had the Plaintiff pursued a motion to compel and prevailed on the motion to compel, the Plaintiff would have discovered the Tellez ROI. If the Plaintiff had not prevailed on the motion to compel, then the Court could find that the Plaintiff was nonetheless diligent in

4

trying to discover the ROI.  Since the Plaintiff did not pursue a motion to compel, the Court finds that the Plaintiff was not diligent in his attempts to obtain the Tellez ROI.

In addition, the ROI is not material to the issue of age-related hostile work environment as alleged in this case.  The ROI refers to an age-related policy with respect to the selection of employees to higher grade positions.  Here, the Plaintiff does not argue that he should have been promoted to a higher grade position.  In fact, the Plaintiff was promoted to a GS-15 pay grade in 1996 and has continued to receive automatic grade salary increases as well as monetary awards.  The Plaintiff instead complains that he was improperly transferred to another position in which he no longer had supervisory duties and control of multi-million dollar research projects.  The Court, therefore, finds that the Plaintiff is not entitled to Rule 60(b)(2) relief.

    2.  Rule 60(b)(3):  Fraud on the Court

Rule 60(b)(3) provides for relief from a final judgment when there is "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party...."  The Plaintiff argues that he is entitled to relief from the Final Summary Judgment under Rule 60(b)(3) because Mr. Jensen's deposition testimony constitutes perjury and thus fraud on the court.  "[T]he plaintiff must show by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment." *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996).  The party seeking Rule 60(b)(3) relief can only establish fraud by showing that the opposing party acted with "an intent to deceive or defraud the court" by means of a "deliberate scheme." *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995), *cert. denied*, 516 U.S. 1045 (1996).  "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of

5

evidence by a party in which an attorney is implicated will constitute a fraud on the court." *Weese*, 98 F.3d at 552-53. "Less egregious misconduct, *such as nondisclosure to the court of facts allegedly pertinent to the matter before it*, will not ordinarily rise to the level of fraud on the court." *Id*. at 553 (emphasis in original text).

In this case, there is no evidence to contradict Mr. Jensen's declaration that he was unaware of the Tellez ROI at the time of his deposition. Consequently, there is no clear and convincing evidence that Mr. Jensen planned and intended to deceive the Court. Moreover, the Defendants' failure to disclose to the Court the Tellez ROI when they were briefing their motion for summary judgment is not sufficiently egregious to show fraud on the court. For these reasons, the Plaintiff is not entitled to relief under Rule 60(b)(3).

      3.  Rule 60(b)(6):  Other Reasons Justifying Relief

Rule 60(b)(6) provides for relief from a final judgment for "any other reason justifying relief from the operation of the judgment." "[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)(citing *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993)). "Relief under Rule 60(b)(6) is appropriate when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." *Id*. at 580 (citing *Pelican Production Corp.*, 893 F.2d at 1147). An extraordinary circumstance justifying Rule 60(b)(6) relief, for example, exists "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable." *Id*. at 579 (citations omitted). "'[T]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has

made. A party remains under a duty to take legal steps to protect his own interests.'" *Id*. at 580 (quoting 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2864, p. 359).

The Plaintiff argues that he is entitled to Rule 60(b)(6) relief because Mr. Jensen's alleged perjury affects the credibility of his deposition testimony which the Defendants used to support their motion for summary judgment. In addition, the Plaintiff argues that earlier discovery of the Tellez ROI's finding of evidence of "an existing policy by the board in using nearing retirement age as a screen-out criterion in the selection process" would have led to further discovery relating to the issue of discriminatory motivation.

In this case, there is no evidence that Mr. Jensen committed perjury in his deposition testimony. In fact, the evidence shows that Mr. Jensen was unaware of the Tellez ROI at the time of his deposition. Additionally, although the Tellez ROI finds that there is evidence that age is considered in promoting employees, the ROI does not find that Mr. Jensen was discriminatory or that the ROI finding applies to job transfers. These circumstances do not support a "showing of an unanticipated intervening change of circumstances" since the Court entered the Final Summary Judgment. *See id*. at 579. Finally, the Plaintiff "made a free, counseled, deliberate choice" when he chose not to pursue a motion to compel the production of documents sought in Request for Production No. 7 of the Plaintiff's second request for production of documents. *See id.* at 580. The Plaintiff has simply not demonstrated extraordinary circumstances warranting relief under Rule 60(b)(6). The Court concludes that the Plaintiff's Motion for Relief from Judgment should be denied.

4. Defendants' Request for Attorney's Fees and Costs

Since the Plaintiff's Motion for Relief from Judgment is not patently frivolous, the Court will deny the Defendants' request for attorney's fees and costs.

IT IS ORDERED that:

1. Plaintiff's request for a hearing on his Motion for Relief from Judgment (Doc. No. 133) is denied;

2. Plaintiff's Motion for Relief from Judgment (Doc. No. 133) is denied; and

3. Defendants' request for attorney's fees and costs is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE