IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH G. AMBROSE,

        Plaintiff,

v.                                                          CIV 01-1263 JP/KBM

FRANCIS J. HARVEY, Secretary of the Army,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Limited Discovery *(Doc. 156)*, filed July 28, 2005. Having reviewed the motion and the memoranda and exhibits submitted by the parties, I find the motion to be without merit.

On February 25, 2003, Judge Parker granted summary judgment to the remaining Defendants on all claims and dismissed this action with prejudice. *See Doc. 126.* Less than two months later, Plaintiff filed a "Motion for Relief From Judgment" pursuant to FED. R. CIV. P. 60(b). *See Doc. 133.* In that motion, Plaintiff asserted that he was denied the opportunity to obtain an EEO Report of Investigation ("ROI") because his line supervisor, John Jensen, had perjured himself at his deposition. *Id.* As to Plaintiff's argument that Jensen's deposition testimony constituted a fraud on the court justifying relief under Rule 60(b)(3), Judge Parker noted that

> "the plaintiff must show by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment." *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996). The party seeking Rule 60(b)(3) relief

> can only establish fraud by showing that the opposing party acted with "an intent to deceive or defraud the court" by means of a "deliberate scheme.". . . "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court." *Weese*, 98 F.3d at 552-53. "Less egregious misconduct, *such as nondisclosure to the court of facts allegedly pertinent to the matter before it*, will not ordinarily rise to the level of fraud on the court." *Id*. at 553 (emphasis in original text).

*Doc. 145* at 5-6. Judge Parker further discounted Plaintiff's characterization of Jensen's testimony and denied relief under Rule 60(b)(6):

> In this case, there is no evidence that Mr. Jensen committed perjury in his deposition testimony. In fact, the evidence shows that Mr. Jensen was unaware of the Tellez ROI at the time of his deposition. Additionally, although the Tellez ROI finds that there is evidence that age is considered in promoting employees, the ROI does not find that Mr. Jensen was discriminatory or that the ROI finding applies to job transfers. These circumstances do not support a "showing of an unanticipated intervening change of circumstances" since the Court entered the Final Summary Judgment.

*Doc. 145* at 7. Therefore, Judge Parker denied the motion to reopen on July 17, 2003. *Id.*

Plaintiff has now filed a second Rule 60(b) Motion seeking to reopen this case on the basis of alleged misconduct by Agency counsel Robert Colvin ("Colvin"). *See Doc. 147*, filed January 31, 2005. Again, Ambrose asserts that allegedly perjured testimony constituted a fraud on the court:

> This Action arises from the blatant subornation of perjury, manipulation, and coercion by Agency counsel of critical witnesses resulting in a fraud on the court, the Plainitff [sic], and the entire judicial process. . . . As a result of Agency counsel's deliberate and planned scheme to suborn perjured testimony and inappropriately coerce witnesses, the discovery process in this case was unfairly influenced in a profound fashion and, by necessity, Plaintiff's ability to pursue his claims was undeniably and

2

> negatively interfered with. Accordingly, Plaintiff is entitled to
> vacation of the previously entered Summary Judgment and this
> case should be set for jury trial at the earliest possible date.

*Doc. 147* at 1-2.

In the motion now before me, Plaintiff seeks to conduct limited discovery related to this second Rule 60(b) motion. *see Doc. 156*.

> The term "fraud on the court" is a nebulous concept.   A clear
> example is the corruption of judicial officers. . . .   According to
> the Tenth Circuit, fraud on the court does not include fraud
> between the parties or fraudulent documents, false statements or
> perjury. . . .  [A]ll doubts must be resolved in favor of the finality
> of the judgment.

*Hall v. Doering*, 185 F.R.D. 639, 644 (D. Kan. 1999), *citing Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir.1985), *cert. denied*, 474 U.S. 1086, 106 S.Ct. 862, 88 L.Ed.2d 900 (1986) (other citations omitted).

As support for limited discovery, Ambrose primarily relies on two declarations of defense witness Patricia Mears:  (1) the Declaration of September 28, 2004, and (2) the "Clarification" Declaration of August 30, 2004.   Plaintiff maintains that these declarations under 28 U.S.C. § 1746 demonstrate that Colvin impermissibly coached Mears to provide untruthful answers at her deposition and that this conduct constitutes fraud on the court.  I disagree.

As an initial matter, Plaintiff alleges that Colvin "instruct[ed] witnesses not to answer questions they may have known the answers to and to lie under oath. . . ."  *Doc. 160* at 8-9, ¶ 19. Mears' original declaration actually provides in pertinent part:

> Mr. Colvin stated that I was to not answer questions that were not
> relevant to Joe Ambrose case and if I were asked questions having
> to deal with the White Sands EEO Office, or my prior supervisor
> Sylvia Durcholz-Wilhelm, I was to remain silent and he would

> object to its relevancy. Mr. Colvin also stated that [Plaintiff's counsel] would instruct me to answer the question, and in responding, I was not to give any more information than what I was being asked, or reply "I do not recall."

*Doc. 147* at Exh. 12. On the other hand, Mears' "clarifying" declaration states that

> Mr. Colvin stated that if [Plaintiff's counsel] asked me questions regarding the EEO office or my prior supervisor Sylvia Durcholz-Wilhelm **I was to remain silent. He further stated that he would object and I was not to answer or reply "I do not recall."** Mr. Colvin also stated that [Plaintiff's attorney] would instruct me to answer the question and **I was to wait until he, Mr. Colvin directed me to answer. He further stated that in responding, I was to not give any more information than what I was being asked.**

Attached as an Exhibit to *Doc. 160*.

    I agree with Defendant that the clarifying declaration sets forth nothing more than the usual directions given by legal counsel when preparing a witness for a deposition. In essence, Mr. Colvin was informing the witness that he should be given the opportunity to object to anticipated questions regarding issues he had assessed to be irrelevant. He instructed the witness to remain silent until he had made the objection and directed her to answer. If instructed to answer, Mears was to indicate that she either could not recall the answer or, if she could, not to give any more information than what being asked. This is far from fraudulent conduct that could deprive Plaintiff of due process.

    Plaintiff boldly asserts that there are also "glaring contradictions between the Declarations of Maj. Ritter and Lt. Col. Amrein that demand clarification. . . ." *Doc.160* at 3. Yet Ambrose fails to identify any such contradiction or to address it with particularity. Having made all these observations, I believe that Plaintiff has failed to raise a colorable claim of fraud

on the court within the scope of Rule 60(b)(3) that would justify limited discovery. *See Bulloch*, 763 F.2d at 1121.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Limited Discovery *(Doc. 156)* is **denied**.

_____
UNITED STATES MAGISTRATE JUDGE