IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH G. AMBROSE,

    Plaintiff,

vs.                                                                                  Civ. No. 01-1263 JP/KBM

DR. FRANCIS J. HARVEY,
Secretary, Department of the Army,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On November 3, 2005, Defendant filed Defendant's Motion to Strike Plaintiff's Submission of Supplemental Affidavit in Support of Rule 60(b) Motion (Doc. No. 163).[1] On December 28, 2005, Plaintiff filed a Motion to Strike Defendant's Reply Brief and Notice of Completion or in the Alternative for Leave to File Sur-Reply [sic] (Doc. No.169). Having reviewed the briefs and relevant law, the Court finds that 1) Defendant's motion to strike Plaintiff's supplemental affidavit should be denied; and 2) Plaintiff's motion to strike Defendant's reply brief, or in the alternative, to seek permission to file a surreply should be denied as moot.

A. Background

On January 31, 2005, the Plaintiff filed Plaintiff's Rule 60(b) Motion, or in the Alternative Independent Action for Relief from Judgment (Doc. No. 147). This motion was based primarily on an affidavit by Patricia Mears which alluded to possible suborning of perjury by Defendant's attorney Robert Colvin. Because of the vague nature of Plaintiff's documentation submitted in

---

[1] Although the "affidavit" in question as well as previous "affidavits" by Patricia Mears are actually declarations, the Court will continue to refer to the declarations as affidavits since the parties to refer to the declarations as affidavits.

support of the Rule 60(b) motion, the Court suggested that the Plaintiff move the Honorable Magistrate Judge Karen Molzen for permission to engage in limited discovery related to the Rule 60(b) motion. On July 28, 2005, the Plaintiff filed a motion seeking permission to engage in that limited discovery. Doc. No. 156. Plaintiff's reply with respect to the motion for limited discovery contained a second affidavit by Ms. Mears. Doc. No. 160. On September 27, 2005, Judge Molzen denied Plaintiff's motion for limited discovery. Doc. No. 161. On October 20, 2005, the Plaintiff filed a third affidavit by Ms. Mears. Doc. No. 162. On November 21, 2005, that third affidavit was replaced by a corrected affidavit which simply added the date that Ms. Mears made the affidavit. Doc. No. 164.

The Defendant moves to strike the November 21, 2005 affidavit on the basis that 1) the affidavit contains characterizations of Ms. Mears' deposition testimony that are inapposite to the referenced deposition transcript text; 2) the affidavit is unreliable considering how different it is from Ms. Mears' first affidavit; and 3) the submission of a fourth affidavit is akin to an attempt to either file a surreply without leave of the Court or file a motion to reconsider Judge Molzen's order denying limited discovery. Plaintiff, on the other hand, moves to strike the reply Defendant filed with respect to his motion to strike Ms. Mears' affidavit, or in the alternative, moves for permission to file a surreply to that reply by Defendant.

B.  Discussion

There is no provision in the Federal Rules of Civil Procedure for a motion to strike an affidavit. *See, e.g., Trujillo v. Board of Educ. of Albuquerque Public Schools*, 230 F.R.D. 657, 660 (D.N.M. 2005)(quoting *Searcy v. Soc. Sec. Admin.*, 1992 WL 43490 at *2 (10th Cir.); 2 James Wm. Moore et al., *Moore's Federal Practice* §12.37[2] (3d ed. 2004)). The proper

procedure for attacking an affidavit is to make objections to the affidavit.  Once objections have been made, the Court assesses the weight to be given the affidavit in the course of deciding the underlying motion, in this case, the Plaintiff's Rule 60(b) motion.  *See, e.g., Bixler v. El Paso Natural Gas Co.*, 1994 WL 220372 at *9 (D.N.M.)(citing *Pinkerton and Laws Company, Inc. v. Roadway Express, Inc.*, 650 F.Supp. 1138, 1142 (N.D. Ga. 1986)).  The Court will, therefore, take into consideration Defendant's objections to Ms. Mears' November 21, 2005 affidavit when deciding Plaintiff's Rule 60(b) motion.  Consequently, Defendant's motion to strike that affidavit will be denied.

Since the Court will deny Defendant's motion to strike Ms. Mears' November 21, 2005 affidavit, Plaintiff's motion to strike Defendant's reply, or in the alternative, to seek permission to file a surreply will be denied as moot.

IT IS ORDERED that:

1. Defendant's Motion to Strike Plaintiff's Submission of Supplemental Affidavit in Support of Rule 60(b) Motion (Doc. No. 163) is denied; and

2.  Plaintiff's Motion to Strike Defendant's Reply Brief and Notice of Completion or in the Alternative for Leave to File Sur-Reply [sic] (Doc. No.169) is denied as moot.

_____
SENIOR UNITED STATES DISTRICT JUDGE