IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH G. AMBROSE,

    Plaintiff,

vs.                                            Civ. No. 01-1263 JP/KBM

DR. FRANCIS J. HARVEY,
Secretary, Department of the Army,

    Defendant.

MEMORANDUM OPINION AND ORDER

      On January 31, 2005, the Plaintiff filed Plaintiff's Rule 60(b) Motion, or in the Alternative Independent Action for Relief from Judgment (Doc. No. 147). Plaintiff alleges in this motion that Defendant's attorney, Robert Colvin, committed fraud on the court by suborning perjury from Patricia Mears, an Equal Employment Opportunity(EEO) employee at White Sands Missile Range (WSMR), during her deposition taken in association with the Plaintiff's Equal Employment Opportunity Commission (EEOC) proceeding. Plaintiff's primary evidence in support of this allegation comes from Ms. Mears' November 21, 2005 affidavit, her fourth and final affidavit.[1] Doc. No. 164. Plaintiff, therefore, argues that the final summary judgment in this case should be vacated under Fed. R. Civ. P. 60(b)(6) and Fed. R. Civ. P. 60(b)(4). In the alternative, the Plaintiff argues that the summary judgment should be vacated through an independent action under Fed. R. Civ. P. 60(b). Having reviewed the briefs and relevant law, the Court finds that Plaintiff's Rule 60(b) motion should be denied.

---

     [1]Although the "affidavit" in question as well as previous "affidavits" by Ms. Mears are actually declarations, the Court will continue to refer to the declarations as affidavits since the parties have referred to the declarations as affidavits.

A.  Background

After the parties briefed Plaintiff's January 31, 2005 Rule 60(b) motion, Plaintiff filed a motion seeking an order allowing limited discovery regarding the Rule 60(b) motion.  Doc. No. 156.  The purpose of the motion for limited discovery was to clarify Plaintiff's factual allegations in support of the Rule 60(b) motion including the factual allegations made in Ms. Mears' first affidavit. The Honorable Magistrate Judge Karen Molzen considered Plaintiff's motion for an order allowing limited discovery and subsequently denied that motion.  Doc. No. 161.  About two months after Judge Molzen denied Plaintiff's motion for an order allowing limited discovery, Plaintiff filed Ms. Mears' fourth affidavit in support of the Rule 60(b) motion.  Doc. No. 164.  In deciding this Rule 60(b) motion, the Court will consider Ms. Mears' fourth affidavit[2] as well as any evidence submitted with respect to Plaintiff's motion for an order allowing limited

---

[2]On March 29, 2006, the Court denied Defendant's Motion to Strike Plaintiff's Submission of Supplemental Affidavit in Support of Rule 60(b) Motion (Doc. No. 163).  Doc. No. 175.

discovery.[3]  The Court will, however, deny Plaintiff's request for a hearing on his Rule 60(b) motion.

B. Discussion

    1. Timeliness

As an initial matter, the Defendant argues that Plaintiff's Rule 60(b) motion is untimely. Rule 60(b) states that a "motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Despite the wording of Rule 60(b) with respect to timeliness, motions brought under Rule 60(b)(4) are not subject to the "reasonable time" limitation. *V. T. A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir.1979). Moreover, there are no time limitations for independent actions under Rule 60(b) and Rule 60(b) "does not limit the time in which the court may set aside a judgment for fraud upon the court." *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002); Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* §2866 at 392 (1995). Consequently,

---

    [3]Plaintiff also submitted an affidavit by Raul Grajeda in support of this Rule 60(b) motion. Plaintiff's Submission of Supplemental Affidavit in Support of Rule 60(b) Motion (Doc. No.170), filed Dec. 23, 2005. Mr. Grajeda's affidavit refers to Mr. Colvin's conduct in another employment case. Because Mr. Grajeda's affidavit does not have a direct bearing on Mr. Colvin's conduct in this case, the Court will give Mr. Grajeda's affidavit little weight for purposes of deciding this Rule 60(b) motion.

    Furthermore, on March 23, 2006, the Plaintiff submitted the Court's Findings of Fact and Conclusions of Law entered by the Honorable Magistrate Judge Leslie Smith in *Ricardo Medina v. Dr. Francis C. Harvey, Secretary, Department of the Army*, Civ. No. 04-1236 LCS/KBM. Plaintiff's Submission of Supplemental Evidence in Support of Rule 60(b) Motion (Doc. No. 174). Judge Smith found in that case that age discrimination occurred at WSMR in the context of a denial of a job promotion. Although John Jensen, a management level official, was involved in *Medina* as well as in this case, the circumstances in *Medina* are sufficiently different from those in this case to distinguish *Medina*. The Court will, therefore, not rely on Judge Smith's Findings of Fact and Conclusions of Law entered in *Medina* in deciding Plaintiff's Rule 60(b) motion.

only Plaintiff's Rule 60(b)(6) claim is subject to the "reasonable time" limitation.

"Whether a Rule 60(b) motion is made within a reasonable time 'depends on the facts of each case' taking into consideration several factors including the reason for the delay and the prejudice to the other parties." *United States v. Lyman*, 1998 WL 894950 at *4 (10th Cir.)(citation omitted). In this case, Plaintiff was aware of Ms. Mears' first affidavit in early October 2004 and subsequently submitted Ms. Mears' first affidavit to the Inspector General for investigation. The Inspector General's investigation was completed by the end of October 2004. Plaintiff does not explain why he waited approximately three months after the completion of the Inspector General's investigation to file the Rule 60(b) motion on January 31, 2005. However, there is no indication that this three month delay prejudiced the Defendant. Under these circumstances, the Court finds that even if the Rule 60(b)(6) claim could be considered untimely, it is better to address the merits of Plaintiff's Rule 60(b)(6) claim in light of the lack of prejudice to the Defendant.

    2. Rule 60(b)(6)

Rule 60(b)(6) provides for relief from a final judgment for "any other reason justifying relief from the operation of the judgment." However, Plaintiff's claim that Mr. Colvin committed fraud on the court cannot be brought under Rule 60(b)(6). *Buck*, 281 F.3d at 1341. Instead, a fraud on the court claim can only be brought under Rule 60(b) by 1) asking the Court to entertain an independent action, or 2) invoking the Court's inherent power to set aside a judgment procured by fraud upon the court. *Id.* at 1341-42. Since Plaintiff cannot bring his fraud on the court claim under Rule 60(b)(6), the Court will address Plaintiff's request, in the alternative, to entertain an independent action on the fraud on the court claim.

4

3.  Independent Action

The Defendant argues as an initial matter that Plaintiff's motion for an independent action is premature because Plaintiff has not filed a separate legal action asserting a Rule 60(b) independent action. The Defendant cites to *Bulloch v. United States*, 721 F.2d 713 (10th Cir. 1983) as an example of where a second legal action was filed under Rule 60(b).  Even so, the Tenth Circuit has also construed a Rule 60(b)(6) motion claiming fraud on the court as an independent action noting that "[t]he substance of the plea should control, not the label." *Buck*, 281 F.3d at 1342.  Relying on *Buck*, the Court finds that Plaintiff's motion for an independent action is not premature.

An independent action is only available to prevent a grave miscarriage of justice like fraud on the court.  *See id*. at 1341 (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)).  The Tenth Circuit in *Buck* described fraud on the court as follows:

> "Fraud on the court ⋯ is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. It has been held that allegations of nondisclosure in pretrial discovery will not support an action for fraud on the court. It is thus fraud ⋯ where the impartial functions of the court have been directly corrupted." *Bulloch*, 763 F.2d at 1121 (citation omitted). As stated in *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir.1996),
>
> > Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or <u>the fabrication of evidence by a party in which an attorney is implicated</u> will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

281 F.3d at 1342 (emphasis added).  Fraud on the court also requires a showing of intent to deceive the court.  *Id*.  Moreover, the plaintiff must prove fraud on the court by clear and convincing evidence.  *Id*.  If the plaintiff cannot show that the court's previous holding would

5

have changed had there been no fraud on the court, then the plaintiff has failed to carry his burden of establishing fraud on the court. *See Wilkin v. Sunbeam Corp.*, 466 F.2d 714, 717 (10th Cir. 1972).

Plaintiff argues that if Ms. Mears had truthfully answered questions posed to her during her deposition taken in relation to Plaintiff's EEOC proceeding, Plaintiff could have proven pretext in his age discrimination lawsuit. Ms. Mears states in her fourth affidavit that Mr. Colvin instructed her "to lie and not tell the truth." Declaration of Patricia Mears at 1. Ms. Mears also states in that affidavit that Mr. Colvin told her to say that she did not remember certain things when in fact she could have testified as to those things. *Id*. According to Ms. Mears, these instructions by Mr. Colvin concerned the following topics:

> anything having to do with other claims that have been submitted adverse to George Orlicki[4] at WSMR, the processing of Ambrose's EEO complaints within the EEO office at WSMR, any communication between the EEO office including Sylvia Durcholtz Wilhelm[5] and George Orlicki concerning Ambrose's complaints, and the processing of EEO complaints in general at the WSMR EEO office.

*Id*.

Specifically, Ms. Mears alleges as follows:

> on page 11 [of the deposition], when asked about other claims that had been filed against George Orlicki, I did not respond truthfully when in fact I was aware of at least one other claim filed by WSMR employee, Teofilo (Tio) Holguin, wherein he specifically named Orlicki as the principal agency witness.

*Id*. at 2. In fact, Ms. Mears' deposition testimony shows that she did name Tio Holguin as another complainant against Mr. Orlicki. Depo. at 11-12. The Plaintiff, therefore, has not shown

---

[4]Mr. Orlicki was one of Plaintiff's supervisors although not a first line supervisor.

[5]Ms. Durcholtz-Wilhelm was Ms. Mears' direct supervisor.

by clear and convincing evidence that a fraud on the court was committed in that instance.

      Next, Ms. Mears alleges that

> On page 13 of the deposition, when asked about the proper method of processing of EEO complaints filed at WSMR, adverse to officials assigned to the headquarters at White Sands, I did not answer truthfully. I knew that Stan Kelly at EEO Complaints and Compliance Review Agency (EEOCCRA) in Washington, D.C. had advised that any such complaints should be transferred from WSMR and not handled at the local level. I knew that Ambrose's complaint should have been so transferred in accordance with our procedures.

Declaration of Patricia Mears at 2. Ms. Mears admitted at her deposition that complaints against any member of the command are transferred to the next level. Depo. at 12-13. Although Ms. Mears indicated that she did not know if Plaintiff's complaint was transferred to the next level because she had left her position at the EEO office at that time, Depo. at 13-14, Ms. Mears did not deny that Plaintiff's complaint should have been transferred to the next level. Consequently, this portion of Ms. Mears' deposition testimony does not establish fraud on the court by clear and convincing evidence.

      Ms. Mears further alleges that

> On pages 22 through 26 of the deposition, I was asked about communications concerning Ambrose's EEO complaint in the EEO office including communications and actions involving Sylvia Durcholtz Wilhelm. Again, I did not answer truthfully when I said I "did not recall" or "did not know." In fact, I was instructed by Sylvia Durcholtz Wilhelm to provide her with at times a daily report concerning the progress of Ambrose's complaint including who Ambrose and the EEO counselor were talking to concerning his complaint. I know that Sylvia Durcholtz Wilhelm kept George Orlicki informed concerning the progress of Ambrose's complaint. I observed her going to Orliciki's office practically on a daily basis after I advised her of whatever was happening on Ambrose's complaint.

Declaration of Patricia Mears at 2-3. At her deposition, Ms. Mears stated that she did not recall how many times she spoke with Ms. Durcholtz-Wilhelm about Plaintiff's EEO complaint, but Ms.

Mears did recall that she would give Ms. Durcholtz-Wilhelm weekly updates on the status of Plaintiff's EEO complaint. Depo. at 27-28. Whether Ms. Durcholtz-Wilhelm's updates on Plaintiff's EEO complaint were weekly or daily would not have changed the outcome of Plaintiff's federal lawsuit. Moreover, since Ms. Mears was not asked at her deposition if Ms. Durcholtz-Wilhelm was keeping Mr. Orlicki informed of the progress of Plaintiff's EEO complaint, at her deposition Ms. Mears did not deny that this was happening and on this matter there is no conflict between her affidavit and her deposition testimony. Hence, Plaintiff has failed to show by clear and convincing evidence that this portion of Ms. Mears' deposition testimony establishes fraud on the court.

>   Ms. Mears further states in her affidavit that
>
>> On page 31 [of the deposition], I was asked about information and documents that went to the JAG officer for review. It is my understanding that Colvin, as Agency counsel, was to review formal EEO complaints to confirm the legal sufficiency. On many occasions, however, Colvin would review these formal EEO complaints and make substantive modifications to the issues and body of the letters.

Declaration of Patricia Mears at 3. Ms. Mears stated in her deposition that once an EEO complaint became formal, the JAG attorney, at that time Mr. Colvin, would review the EEO complaint and tell her whether the complaint was legally correct. Depo. at 31-32. Ms. Mears, however, neglected to add that in reviewing the legal sufficiency of the EEO complaints, Mr. Colvin would sometimes modify the substance of those complaints. Although Ms. Mears states in her affidavit that Mr. Colvin "[o]n many occasions" modified issues and letters, she does not state in the affidavit that Mr. Colvin somehow "modified" Plaintiff's EEO complaint nor does the Plaintiff contend that his EEO complaint was "modified" by anyone. Consequently, if Ms. Mears had testified, without more, that Mr. Colvin sometimes modified EEO complaints, that testimony

8

would not have affected the outcome of this case.  Accordingly, this portion of Ms. Mears' deposition testimony also does not constitute clear and convincing evidence of fraud on the court sufficient to justify an independent action.

Next, Ms. Mears states in her affidavit that

> On pages 33, 36, and 37 of my deposition, I was asked whether EEO files ever left the EEO WSMR office.  As instructed by Stan Kelly of EEOCCRA, to maintain confidentiality and the integrity of EEO files, they were not to leave the office.  Further, principal agency witnesses were only allowed to review their statements and nothing else.  Contrary to this policy, I observed Sylvia Durcholtz Wilhelm take portions of Ambrose's EEO file and his complaints to George Orlicki's office for him to review.  Orlicki was one of the principal agency witnesses in Ambrose's case.

Declaration of Patricia Mears at 3.  In her deposition, Ms. Mears indicated that an EEO witness could only review statements he or she made in connection with an EEO complaint.  In other words, an EEO witness could not review a complainant's entire EEO file.  Depo. at 33.  Ms. Mears also indicated that a respondent to an EEO complaint could only examine his or her responses to an EEO complaint at the EEO office.  Again, respondents did not have access to a complainant's entire EEO file.  *Id*. at 34.  Ms. Mears noted that no "supervisors, somebody high up in the chain of command" ever approached her to examine an EEO file where that supervisor had not made a witness statement regarding that EEO complaint.  *Id*. at 35.  She further noted that no commanding officer who was a respondent had approached her to have complete access to all of the witness statements in an EEO file.  *Id*. at 36.  When asked whether Ms. Durcholtz-Wilhelm shared EEO files with any command personnel, Ms. Mears responded that she did not know "because [Ms. Durcholtz-Wilhelm] would ask me for files and I'd give them to her.  What she did with them, I don't know."  Depo. at 50.  This response supports Ms. Mears' allegation that she committed perjury by not stating that she "observed Sylvia Durcholtz Wilhelm take

9

portions of Ambrose's EEO file and his complaints to George Orlicki's office for him to review." However, had Ms. Mears testified that Ms. Durcholtz-Wilhelm shared Plaintiff's EEO file with Mr. Orlicki, that testimony would not have established, or even tended to show, that Mr. Orlicki discriminated against the Plaintiff based on his age.  Consequently, the Plaintiff has failed to establish that this apparent perjury would justify an independent action based on fraud on the court.

      Finally, Ms. Mears states in her affidavit,

> On pages, [sic] 49, 52, and 53 of my deposition, I was asked about my knowledge of Orlicki's efforts and intent to fire Ambrose.  I did not answer truthfully as instructed by Colvin.  I had overheard Orlicki make a statement that he wanted to fire Ambrose and wanted to "Get rid of him" while I was on official travel in San Antonio, Texas.  In addition, Sylvia Durcholtz Wilhelm stated to me on several occasions while I was in her office, that Orlicki was in the process of trying to get rid of Ambrose.

Declaration of Patricia Mears at 4.  Ms. Mears stated in her deposition that Ms. Durcholtz-Wilhelm did not "talk about Ambrose and Orlicki in the same sentence."  Depo. at 52. Considering Ms. Mears' affidavit, this statement in Ms. Mears' deposition could be interpreted as being false.  Nonetheless, even if Ms. Mears had testified that Mr. Orlicki was trying to fire Plaintiff, Ms. Mears does not state in her affidavit that she knew what the basis for the proposed firing was.  Without Ms. Mears stating in her affidavit why Mr. Orlicki wanted to fire Plaintiff, Ms. Mears' apparent perjury does not provide a basis for changing the outcome of the Court's decision to grant summary judgment.  Plaintiff, therefore, has not shown by clear and convincing evidence that Ms. Mears' false statement that she did not know that Mr. Orlicki wanted to fire Plaintiff constituted a valid reason for allowing an independent action based on fraud on the court. In sum, the Plaintiff is not entitled to an independent action based on fraud on the court.

4. Rule 60(b)(4)

The Plaintiff also contends that the summary judgment in this case should be set aside under Rule 60(b)(4) because it is a void judgment entered in a manner inconsistent with due process.[6] "A judgment is void 'only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law.'" *Buck*, 281 F.3d at 1344 (quoting *In re Four Seasons Sec. Laws Litig.*, 502 F.2d 834, 842 (10th Cir.), *cert. denied*, 419 U.S. 1034 (1974)). In addition, "[a] judgment is not void merely because it is or may be erroneous." *V.T.A., Inc.*, 597 F.2d at 224 (citations omitted). The court does not have discretion in granting Rule 60(b) relief if voidness is found. *Id*. "In the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted." *Id*. at 225.

Here, the Plaintiff argues that the judgment is void because "the presentation of false evidence violates due process." *Phillips v. Woodford*, 267 F.3d 966, 984-85 (9th Cir. 2001)(citing *Napue v. Illinois*, 360 U.S. 264, 269 (1959)). However, "the presentation of false evidence" or perjurious testimony violates due process only if that false evidence or perjurious testimony is material or prejudicial to the outcome of the case. *See id*. at 985. In this case, as already discussed, the three portions of Ms. Mears' deposition testimony that could be characterized as perjurious would not have affected the summary judgment entered by the Court. Consequently, the summary judgment should not be set aside under Rule 60(b)(4).

---

[6]The Defendant did not respond to this argument in his response brief. Although a failure to respond to a motion can be construed as consenting to the granting of that motion, D.N.M. LR-Cv. 7.1(b), the Court prefers to examine the merits of the Rule 60(b)(4) argument.

IT IS ORDERED that:

1) Plaintiff's request for a hearing on Plaintiff's Rule 60(b) Motion, or in the Alternative Independent Action for Relief from Judgment (Doc. No. 147) is denied; and

2) Plaintiff's Rule 60(b) Motion, or in the Alternative Independent Action for Relief from Judgment (Doc. No. 147) is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE